**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1557-24

IN THE MATTER OF F.T.,
POLICE OFFICER (M0029D),
CLIFTON.

_____

Submitted February 3, 2026 – Decided March 5, 2026

Before Judges Susswein and Chase.

On appeal from the New Jersey Civil Service Commission, CSC Docket No. 2024-1986.

Theresa Richardson, attorney for appellant F.T.

Jennifer Davenport, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Brian D. Ragunan, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner F.T. appeals from a January 15, 2025 final agency decision of the Civil Service Commission ("Commission") dismissing his appeal. The Commission removed F.T.'s name from the eligible list for City of Clifton Police

Officers, citing psychological disqualification. Based on the specific facts and circumstances of petitioner's appeal, we affirm.

I.

The facts are undisputed. In October 2023, the City of Clifton certified F.T.'s name from the eligible list for the position of Police Officer. Clifton's psychological evaluator performed a pre-employment screening and did not recommend F.T. for appointment. Clifton notified F.T. of his psychological disqualification and removal from the eligible list.

F.T. appealed by letter postmarked March 22, 2024. In its April acknowledgment, the Commission incorrectly informed F.T. that under N.J.A.C. 4A:4-6.5(e), he had twenty days from the appeal's postmark to submit a report and recommendation from a New Jersey licensed psychologist or psychiatrist.[1] Thus, the deadline for the report was June 20. The letter stated that F.T. could seek an extension for submission of the fitness report if he could prove good cause. The Commission also explained that receipt of Clifton's report did not toll the regulatory deadline.

On June 11, F.T.'s attorney emailed the Commission to report that she had not received Clifton's psychological report. After Commission intervention,

---

[1] Under the regulation, he had ninety-days.

Clifton provided the report to F.T.'s attorney on June 12, and test results on June 14. Neither F.T. nor Clifton requested an extension for submitting reports.

F.T. submitted his expert's report, authored by Dr. Robert Kanen, on August 5, 2024. The report was dated July 15, and postmarked July 30, 2024—over forty-days past the June 20 deadline. Upon receipt, the Commission gave F.T. an opportunity to establish good cause for the late submission. F.T.'s attorney cited the late receipt of Clifton's report, difficulty scheduling an evaluation, and her vacation as reasons for the delay.

The Commission issued a January 15, 2025 final decision dismissing F.T.'s appeal. The Commission acknowledged that Clifton had the burden of proof in psychological appeals pursuant to N.J.A.C. 4A:4-6.3(b). It then noted that although N.J.A.C. 4A:4-6.5(d) required Clifton to submit the psychological reports within twenty days or it may have its request for removal denied, denial was not necessary because the report was eventually submitted. The Commission then explained the ninety-day timeframe for submission of a psychological report to rebut that a report obtained by the appointing authority was "designed to facilitate the opportunity for the parties to establish a contemporaneous record of an eligible's medical or psychological condition at the time of appointment for the Commission to consider."

A-1557-24

Next, the Commission explained the time for filing a rebuttal psychological report could be extended for good cause under N.J.A.C. 4A:4-6.5(f) and Governor Murphy's Executive Orders signed during the COVID-19 pandemic. The Commission also explained the need to strictly enforce the timeframes governing the psychological review process. According to the Commission, if "a candidate was improperly rejected for the position, the remedy provided is a mandated appointment with a retroactive date of appointment for seniority and salary step purposes."

The Commission found unpersuasive F.T.'s argument that because Clifton had not submitted its report timely, it caused his report to be submitted late. The Commission concluded that many applicants submit their independent reports without their doctors reviewing the appointing authority's report. Thus, it determined the late submission had no bearing on F.T.'s ability to timely provide his report. It also stated that F.T.'s difficulty in scheduling a doctor's appointment and his attorney's vacation were insufficient to have the time for his report extended. Therefore, the Commission determined that F.T. failed to establish good cause.

A-1557-24

## II.

"Judicial review of agency determinations is limited." Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "[A]n appellate court reviews agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An agency's determination on the merits will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27) (internal quotation marks omitted). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

On appeal, F.T. argues the Commission's decision was arbitrary and capricious. F.T. also challenges the Commission's finding that there was no good cause to extend his time to submit a psychological or psychiatric report under N.J.A.C. 4A:4-6.5(e). We are not persuaded.

First, F.T. argues that it was arbitrary and capricious for the Commission to allow the request for removal to proceed when Clifton did not timely submit the report finding him psychologically disqualified. Notably, no motion was

5

ever filed by F.T. seeking to have the denial set aside. Contrary to F.T.'s argument, the ninety-day period for petitioner to submit their expert's report commences with the filing of their appeal, not the date the appointing authority files its submission. N.J.A.C. 4A:4-6.5(e). The Commission properly determined that N.J.A.C. 4A:4-6.5(d) does not operate to "automatically deny a request for removal," and Clifton ultimately provided the necessary documentation supporting its decision. Moreover, the Commission was correct in determining that nothing in the regulations foreclosed F.T. or any petitioner from preparing or submitting a report before the appointing authority submits its reports. In fact, the Commission on its own initiative gave the petitioner the ability to argue for good cause when it received his rebuttable report forty-four days after the ninety-day requirement.

F.T. was "fully aware" of the ninety-day filing date for the submission of his report; and as such, he was obliged to meet the date unless good cause was shown. "We have recognized the term, 'good cause,' evades a precise definition." Estate of Semprevivo v. Lahham, 468 N.J. Super. 1, 14 (App. Div. 2021) (citing Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)). To that end, we have described the concept as: "an amorphous term, that . . . is difficult of precise delineation." Ghandi, 390 N.J. Super. at 196. "Its application

requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [] rule being applied." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384 (App. Div. 2011) (quoting Ghandi, 390 N.J. Super. at 196).

The Commission concluded that F.T. failed to establish good cause to extend the filing deadline for his rebuttal report. The Commission reasoned that the rules on filing timeframes for these types of appeals are designed to facilitate the timely processing of these appeals and allow parties to establish a contemporaneous record of the party's medical or psychological condition at the time of appointment for the Commission to consider. This is important because psychological reports for law enforcement titles are only valid for one year, in accordance with the long-standing administrative practice. The Commission posits that a delay in the process may prejudice current employees because if successful, then the remedy would be a mandated appointment to the position with retroactive seniority, which could displace the last employee that the appointing authority hired for that position. Although we might not have reached the same conclusion in the first instance, we have no basis upon which to substitute our judgment for the Commission's.

A-1557-24

Having considered the record and governing principles, we conclude that F.T. has failed to establish the Commission's final agency decision was arbitrary, capricious, and unreasonable. The Commission's decision is supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1557-24